MANDATE

19-343-cv
*Smigelski v. Connecticut*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           ROBERT D. SACK,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges.*

---

ANNA SMIGELSKI,

        *Plaintiff-Appellant,*          19-343-cv

        v.

STATE OF CONNECTICUT,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**  James V. Sabatini, Sabatini and Associates, LLC, Newington, CT.

**FOR DEFENDANT-APPELLEE:**  Carolyn Ennis, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a January 15, 2019 judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

1

MANDATE ISSUED ON 03/13/2020

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Anna Smigelski ("Smigelski") contends that summary judgment was improperly granted to Defendant-Appellee the State of Connecticut in an action alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). She asks that the District Court's grant of summary judgment on her two claims—one for gender discrimination and one for gender-plus-age discrimination—be reversed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo* to determine whether the district court properly concluded that there was no genuine dispute as to any material fact, such that the moving party was entitled to judgment as a matter of law." *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016). "Though we must accept as true the allegations of the party defending against the summary judgment motion, drawing all reasonable inferences in [her] favor, conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citation omitted).

We conclude that summary judgment was properly granted to Connecticut. Assuming that Smigelski cleared the low threshold for stating a *prima facie* case of gender or gender-plus-age discrimination under Title VII "using the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [(1973)]," the burden then shifted to Connecticut to rebut Smigelski's *prima facie* case. *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74-75 (2d Cir. 2016). Connecticut did so by presenting legitimate, non-discriminatory reasons for maintaining Smigelski's classification as a Tax Correction Examiner 1 level employee. The burden then shifted back to Smigelski to produce evidence "to show that the employer's proffered reason was merely a pretext" for discrimination. *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 88-89 (2d Cir. 2019) (internal quotation marks omitted); *see also Farias v. Int'l Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001) ("If the defendant bears its burden of production . . . the defendant will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." (internal quotation marks omitted)). "A plaintiff may carry this burden by reference to the same evidence used to establish a *prima facie* case, provided that the evidence admits plausible inferences of pretext." *Bentley*, 935 F.3d at 89.

Smigelski cannot carry her burden because she relies only on her conclusory testimony that, for example, supervisors favored men; on facts regarding her experience that are irrelevant because the record reflects that such experience did not affect whether an employee qualified for reclassification; and on the purported disparate treatment of two male Tax Correction Examiners. We need address only Smigelski's argument of pretext based on the purported comparators. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (stating that a "plaintiff must

2

provide more than conclusory allegations to resist a motion for summary judgment"). Smigelski's claim that two male comparators were unfairly promoted before her is unsupported by the record. Smigelski provided no relevant evidence that the two other employees were unqualified for the promotion. As a result, the District Court correctly granted summary judgment in favor of Connecticut.

## CONCLUSION

We have reviewed all of the arguments raised by Smigelski on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3